In the Matter of JULIUS A. WEEKES, Petitioner, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Respondents. — Proceeding under article 78 of the Civil Practice Act to review a determination of the State Liquor Authority, dated July 22, 1952, revoking petitioner's restaurant liquor license which expired February 28, 1951, and the determination of the Authority, dated March 7, 1951, disapproving petitioner's renewal application for the license period beginning March 1, 1951. Determination unanimously confirmed, without costs. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

In the Matter of JULIUS A. WEEKES, Respondent, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Appellants.— On February 28, 1951, petitioner's restaurant liquor license was revoked for cause. Such proceedings to review that determination were thereafter

had; on July 15, 1952, the Court of Appeals annulled the determination and remitted the proceeding to the State Liquor Authority for reconsideration. (*Matter of Weekes* v. *O'Connell,* 304 N. Y. 259.) On July 22, 1952, on reconsideration, the Authority revoked petitioner's license, imposed a two-year ban under the provisions of section 113 of the Alcoholic Beverage Control Law. On March 20, 1953, petitioner filed a new application for a restaurant liquor license for the period expiring February 28, 1954, for the same premises involved in the prior revocation hearing. The authority disapproved the application on two grounds: (1) The history of the premises, as operated by petitioner, as shown by the evidence and findings of the original revocation hearings, and the other evidence before the Authority showing a continual course of illegal conduct, and (2) the prior record for law observance of the petitioner, based on the prior history of the petitioner, as shown by the original revocation hearings and the other evidence before the Authority. In addition, the Authority held that the two-year ban imposed in the revocation order of July 22, 1952, had not expired. In an article 78 proceeding to review the disapproval of the license, Special Term held that the first ground was invalid as a matter of law because an objection to the *premises* may not exceed the statutory limitation of two years (Alcoholic Beverage Control Law, § 113), and that the additional ground was invalid because the two-year penalty imposed under the authority of the said section of the statute should be computed from the time of the first revocation, February 28, 1951, and not from July 22, 1952. Special Term thereupon annulled the determination of the Authority and remitted the matter to the Authority for reconsideration. By permission, the Authority appeals from the Special Term order. Order unanimously affirmed, without costs. In our opinion, the two-year penalty authorized by section 113 of the Alcoholic Beverage Control Law solely against the premises may not exceed two years, whether or not the present applicant is the former licensee, where the sole ground of objection to the premises is the prior revocation. It is not clear whether the Authority's disapproval on the ground of the history of the premises is not only the prior revocation, but also "other evidence before the Authority showing a continual course of illegal conduct", i.e., evidence subsequent to the revocation on February 28, 1951. On the reconsideration, if there is disapproval of the application, the Authority may state, if it be the fact, that the objection to the premises is based on evidence subsequent to the revocation on February 28, 1951. In our opinion, the two-year limitation was properly computed by Special Term to commence February 28, 1951. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.