Aron Steuer, J.
The corporate petitioner was the holder of a cabaret license and the individuals held licenses as cabaret employees. All of these licenses were revoked by respondent Police Commissioner on November 6, 1959, following a hearing on November 5,1959.
There was ample ground for the action taken and it might well be said that an opposite conclusion would show a disregard of the Commissioner’s duty. Briefly, it appears that there was an exchange of revolver shots by two patrons of the licensed premises on October 25, 1959. As a result a man was killed. Petitioners w'ere immediately questioned by the police and denied all knowledge of the occurrence. They persisted in this claim of ignorance for 10 hours, when upon receipt of legal advice they revealed that the facts of the incident and the identity of the parties were well known to all of them. These facts and the necessary conclusion that these people were not equipped to continue in the sensitive occupation in which thev *677 are engaged, are well warranted. It may well be true, as petitioner claims, that revocation of the license reduces the value of the premises from $15,000 to not more than $8,000. But this is not a fine nor a punishment. It is a disqualification which respondent is not only authorized, but is duty-bound to make.
There is, however, a difficult technical question involved. The hearing was before a Deputy Commissioner. At its conclusion he announced the result. The next day respondent signed the appropriate order. It is not alleged that respondent made any independent examination of the record or familiarized himself with the findings. It would follow that the decision was made by the deputy who tried the matter. It is familiar learning that Avhere the Legislature gives quasi-judicial poAvers to a board or an officer, only the body or person granted the authority may exercise it. (Weeks v. O’Connell, 304 N. Y. 259). It is not necessary for the officer to conduct the hearing himself, but it is essential that he makes such a review of the proceedings that it can be fairly said that the decision is his, rather than his deputy’s (Matter of Kelly v. Monaghan, 9 A D 2d 92).
Respondent’s contention as expressed in the brief is not a claim that he exercised such discretion, but that he was entitled by law to deputize not only the hearing but the decision and that his deputy was, therefore, the statutory officer. The argument is: the Commissioner may appoint deputies (New York City Charter, § 882 [1938]); he may organize his department and assign duties and powers among them unless prohibited by law (New York City Charter, § 883 [1938]). In conformity thereAvith he has promulgated a rule (ch. I, par. 10, subd. A), granting the power to the Deputy Commissioner to revoke licenses. It is pointed out that the subject matter of the hearing in Matter of Kelly v. Monaghan (supra) was not the subject of a rule, and hence the power had not been deputized.
It must be quite clear that the Legislature could have given the power to a deputy had it seen fit. And the argument is strong for the claim that it did. Unless the Commissioner can deputize the decision as well as the hearing, it is difficult to see how he can perform the most important duties of his office. These are not the only kind of hearings conducted by the Police Department, and to revieAV all of them would undoubtedly take so much of the Commissioner’s time as to seriously impede, if not prevent, his functioning effectively.
Important as this question is, decision on it would seem to be academic. Assuming that the City Charter does not provide authority for the delegation of power, the indicated action to be taken by the court is to remand the matter to the Commis *678 sioner for a decision (Matter of Kelly v. Monaghan, supra). In this ease the Commissioner has submitted an affidavit which sets out the testimony taken at the hearing in some detail and the conclusions reached by him. Obviously, therefore, even if the Commissioner was not acquainted with the facts developed at the hearing at the time the order was made, he is now. Likewise, he has indicated the action taken is that which he would now take. What purpose is served by remitting the matter to him? Nothing more than a formality is involved. Under the circumstances, it is deemed unnecessary.
The stay heretofore granted is vacated and the motion denied,