Howard T. Hogan, J.
Application for an order pursuant to article 78 of the Civil Practice Act (1) to review and annul a determination of the respondent wherein the petitioner was denied the renewal of a restaurant liquor license for premises 36-36 (a) East Merrick Boad, Freeport, New York, and (2) directing the respondent to issue a license for the period March 1, 1960 to February 8, 1961.
The papers submitted reveal that after a hearing was held (February 26, 1960) before a hearing officer representing the respondent and a report made (February 27, 1960) by that official the respondent, on the same date (February 27, 1960) that the report was made determined that the petitioner’s license should not be renewed and mailed the petitioner a letter to that effect.
The court on this application is not presently concerned with the evidence which was offered at the hearing for it clearly appears that the evidence, taken in a three-hour hearing in part by a stenographer and the remainder by tape recorder, was not presented to or considered by the respondent Liquor Authority in making its determination. In fact, the return submitted hereon by the respondent does not include the transcribed record.
It is the function of the respondent to exercise its discretion on the basis of evidence in the record, not on a résumé and recommendation of the hearing officer. If the determination is based merely on the résumé and report of the hearing officer, it is in fact a determination of the hearing officer and not of the respondent. The statute does not permit the respondent to delegate to a subordinate its powers to approve or reject applications.
While the situation herein involved relates to the renewal and not the revocation of a license as in Matter of Joyce v. Bruckman *618 (257 App. Div. 795) and Matter of Weekes v. O’Connell (304 N. Y. 259), the reasoning of those cases is applicable here. As stated in the Weekes case, the respondent has rules respecting hearings, the transcription and referral of the record for consideration and appraisal by the respondent. The latter contends that a hearing was not conducted but rather an investigative interview as provided in subdivision 14 of rule 1 of the Buies of the State Liquor Authority. This court, as Mr. Justice Hofstadteb, did in Granucci v. O’Connell (118 N. Y. S. 2d 79, 80) “ Looking at the substance rather than the form ”, can only conclude that a hearing was held. It would be the height of naiveté to hold otherwise. The petitioner’s application for a renewal of its license was made in January, 1960, the notice directing the petitioner to appear before the hearing officer while bearing the printed statement “ Notice of Interview” also contains the typewritten words “Contemplated Non-Benewal ”. By this innocuous invitation surely no one could rightfully anticipate a full hearing. Yet, that was what was had despite the request of petitioner’s attorney for an adjournment to enable him to prepare for the hearing. Testimony was taken, witnesses were cross-examined, and the parties hereto were represented by attorneys.
In hearings pertaining to the revocation of licenses, “The stenographic record of the hearing shall be referred, together with the hearing commissioner’s findings and recommendations, if any, for the due consideration and appraisal by the Authority at a meeting duly held by it.” (Buies of State Liq. Auth., rule 2, subd. 9.) The same procedure should be held on hearings pertaining to renewal applications or to contemplated disapproval of renewal applications referred to in subdivision 13 of rule 1 of the rules of the respondent.
The notice served upon the petitioner directing its appearance before respondent did not inform the petitioner that witnesses were to be present at the hearing and the petitioner’s averment that a request for an adjournment to produce witnesses or to prepare for the hearing was denied by the hearing officer is not denied by the latter on this application. ‘ ‘ The hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal. Technical legal rules of evidence and procedure may be disregarded. Nevertheless, no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given the opportunity to cross-examine witnesses, to *619 inspect documents and to offer evidence in explanation or rebuttal ” (Matter of Hecht v. Monaghan, 307 N. Y. 461, 470). It should be borne in mind by hearing examiners in governmental agencies that they are acting in quasi-judicial capacities; that there is imposed upon them an obligation to afford all who come before them a fair opportunity to be prepared to meet the issues and to produce witnesses on their own behalf. This constitutional right must not be circumvented.
Accordingly, the determination of the respondent is annulled and the matter is remitted to the respondent for a rehearing at which the petitioner may produce witnesses or exhibits to support its application for a renewal. After the rehearing which should be held on a date to be fixed by the respondent no less than 10 nor more than 30 days after the service of a copy of the order hereon, the transcribed record and any exhibits should be submitted to the respondent.
The court may not on the record presented, direct the issuance of a renewal license for the year March 1,1960 to March 1,1961, nor may it direct the issuance of a license 1 ‘ ‘ subject to the determination of the pending proceedings to review said Authority’s action herein. ’ There is no authority in law for such an order ’ ’. (Matter of Monachino v. New York State Liq. Auth., 6 A D 2d 1023.)