Frederick Backer, J.
Special Term, in an article 78 proceeding (Civ. Prac. Act) pending before it, has held final determination thereof in abeyance and referred the following stated issue for trial: ‘ ‘ Whether the respondent * * * Commissioner of the Department of Hospitals of the City of New York, made an informed decision as required by law, con- *958 earning the dismissal of the petitioner herein from the Department of Hospitals ”.
The situation arises by reason of the following facts. Petitioner is an honorably discharged veteran, employed by the Department of Hospitals of this city. Certain acts were charged against him. He was accordingly, as a veteran, given a full civil service hearing, in such cases made and provided, at which he was specifically charged with two acts of physical assault. He was found guilty by the hearing officer of one of the acts charged. It appears he was otherwise an excellent worker with an excellent work record and had never been the subject of any prior disciplinary proceedings.
Upon the finding and recommendation of the hearing officer, the respondent commissioner, upon review, sustained the finding and dismissed petitioner from his employment. Thereupon, petitioner instituted the article 78 proceeding referred to for a review and annulment of respondent’s determination. Petitioner contended there, as he does here, that respondent failed to review the transcript of the stenographer’s minutes made at the hearing and further failed to review the exceptions submitted by petitioner’s attorney; that this therefore constituted reversible error. In addition to the afore-stated, it is presently argued, that respondent’s determination to terminate petitioner’s employment constitutes an abuse of discretion upon the facts adduced at the instant trial.
The material testimony before me is substantially the following: the hearing officer, Mr. Lefkowitz, testified the hearing was held before him on December 3, 1959; that he prepared his report thereafter which was typed the following day, on December 4, 1959; a copy thereof was sent to petitioner’s attorney; thereafter the said attorney filed exceptions to the report; that the report, exceptions and file were sent on December 9, 1959 to respondent commissioner, for his review and determination; that before that date, he had, on December 3 or 4, 1959, discussions with the commissioner concerning the case and had further discussions with him in respect of the case on December 9, 1959.
The commissioner testified to the same effect. He had discussions with Mr. Lefkowitz on the 3rd of December, 1959; he had another discussion later, the date of which he could not recall (the logical conclusion is that it was the one of Dec. 9, testified to by Mr. Lefkowitz). He further testified that on December 9, 1959 he read the entire file of the proceedings, the report of the hearing officer and petitioner’s exceptions, studied same and upon consideration thereof he affirmed the recom *959 mendation of the hearing officer, on said date of December 9, 1959. Admittedly, he never saw a transcript of the minutes of the hearing nor were they prepared as of December 9, 1959.
Petitioner presents strenuous argument in support of his position that respondent’s failure to have and to review the transcript of the stenographer’s minutes of the trial before the hearing officer, voids his determination. He argues that without such transcript before him, respondent’s ultimate determination cannot be predicated upon the “ record ” required by section 75 of the Civil Service Law, and thus concludes that there was no opportunity for him to make the ‘ ‘ informed decision ” required by law. Subdivision 2 of section 75 of the Civil Service Law provides: “ In case a deputy * * * is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision ’ ’. In petitioner’s view he relies upon Matter of Weekes v. O’Connell (304 N. Y. 259); Morgan v. United States (304 U. S. 1); Matter of Kelly v. Monaghan (9 A D 2d 92). He also relies upon Matter of Kilgus v. Board of Estimate (308 N. Y. 620) for his contention that respondent made no independent appraisal and reached no independent conclusion.
Study of these cases persuades me that they do not afford petitioner support for his position in the factual situation presented before me. The facts are readily distinguishable. In the Weelces case the administrative agency did not have before it a transcript of the evidence upon which its decision purportedly rested and the order of the respondent there was made one hour (emphasis mine) after its hearing commissioner had concluded his hearings and was predicated on findings and conclusions identical with those of the subordinate officer. It was made, concededly, before any transcript or record of the evidence before him had been furnished the agency. It was held, therefore, indisputable that the body charged with the duty of decision had done nothing but blindly follow the determination of its subordinate officer.
In the Kilgus case, the majority of the Court of Appeals held, upon the facts there, that the administrative agency, the Board of Estimate, upon review had underestimated its own power and duty and overestimated the power of the courts, and thus failed to exercise their duty of rendering their own independent judgment on the merits in the case. Specific testimony of several members of the board is cited wherein they stated they relied upon the trial committee and anything in respect of *960 final adjudication thereon they felt would be adjudicated by the courts. This was held to reveal that they made no independent appraisal and reached no independent conclusion. In the Kelly case, the Appellate Division reversed the respondent’s determination and remanded the matter for additional consideration. It was held that where, after a six-day trial the commissioner, on the same day as the deputy reported his conclusion for dismissal, approved the finding of guilt and dismissal and there was absent a transcript of the minutes of the hearings, presumption of regularity was rebutted and where the commissioner did not produce any proof that an informed decision was nevertheless made (emphasis mine), the determination would be annulled and proceedings remanded for the commissioner to render his decision on the evidence adduced before the trial commissioner.
In the instant trial the factual situation revealed by the uncontradicted testimony of the hearing officer and the respondent commissioner presents, in my opinion, a marked difference from the facts presented in the afore-stated cases relied upon by the petitioner. Firstly, in the circumstances, I find no merit to petitioner’s contention that it was mandatory upon the commissioner for him to have a copy of the transcript of the stenographic minutes of the hearing before him in making his ultimate determination and, that without same, he had no “record” upon which he could make an informed decision pursuant to section 75 of the Civil Service Law. The leading case which explores the necessary ingredients required in order to achieve, on the part of a determining officer, an “informed” decision, is that of Matter of Taub v. Pirnie (3 N Y 2d 188). There, petitioner appealed from a determination of the Board of Appeals of the Village of Scarsdale which had denied petitioner’s application for a variance. A member of that board was absent from the hearing and admitted that he did not read a transcript of the hearing conducted by the board. Nevertheless, the Court of Appeals in denying petitioner’s application and affirming the determination of the Board of Appeals of the Village of Scarsdale, stated (p. 194): “ Appellant’s position amounts, therefore, to nothing more than an assertion that, regardless of the fact that Silliman had access to and actual knowledge of the facts and issues in the case, he was not qualified to vote because he was not present at the public hearing and did not read a transcript of the record made at that hearing. Such is not the law. Neither reason nor logic supports so mechanical a rule and, bearing that out, none of the cases cited by appellants so hold or suggest. On the *961 contrary, the emphasis has always been upon whether the administrative body had the opportunity to make an ‘ informed ’ decision * * *, and, in the absence of a ‘ clear ’ revelation that the administrative body 1 made no independent appraisal and reached no independent conclusion ’, its decision will not be disturbed.”
This holding, it is to be noted, was made in light of the fact that a public notice and hearing was held in the Taub matter pursuant to the ordinance in respect thereof which required same and full opportunity of the members of the board to hear all sides thereon.
In the very case of Matter of Kelly v. Monaghan {supra) cited by petitioner, we find the following significant language which I feel negates petitioner’s position here. At page 94 we find the following stated: “ In order to perform this duty of decision, the Commissioner is not required to read the transcript of the hearings before the trial official ’ ’ (the Taub case [supra] is then cited with approval).
However, as hereinbefore stated, in light of the fact that there were 700 typewritten pages of testimony and there was no allegation that the commissioner had discussed the matter with the trial commissioner, the appellate court felt and held that an informed independent decision had not been made by commissioner and remanded the matter.
I am therefore satisfied that petitioner’s contention must be overruled in respect of the failure of respondent to have the stenographic minutes before him upon his final determination.
Moreover, considering petitioner’s arguments and the cases he cites in support of his position, I find the facts developed upon the trial before me inapposite to those in the cited cases. Here, the trial covered only 15 pages of transcript and the report and recommendation of Mr. Lefkowitz, the hearing officer, details on two typewritten pages his account of all material matters presented at the hearing. The testimony of Mr. Lefkowitz and the respondent commissioner established, without contradiction, that they discussed this matter fully on two separate dates. The uncontradicted testimony of the commissioner established that besides discussing the matter on the two separate occasions with the trial officer, he read the entire file of the proceedings, the report of the trial officer and the petitioner’s exceptions thereto. Furthermore, he testified, he studied same and upon consideration thereof he approved the recommendation of the trial officer.
In light of all of the afore-stated, I am persuaded and conclude that the word “ record ” as used in section 75 of the Civil *962 Service Law, does not require the commissioner in this case to have read a transcript of the hearing that was held by the hearing officer as long as all of the material and relevant information was impartially presented to him by the hearing officer in his report and recommendation and in light of his conversations with the commissioner. I further conclude and find upon the testimony adduced before me that in no sense does the record indicate that respondent did not exercise an informed and independent judgment. On the contrary his testimony indicates the extent of his review and of his deliberations in the matter all of which led to his ultimate determination to approve the recommendations of his hearing officer. The presumption of the regularity of his determination has been sustained by the proof before me and has not been overcome by petitioner. The framed issue is therefore decided in the affirmative, namely, the respondent commissioner did make an informed decision as required by law concerning the dismissal of the petitioner herein from the Department of Hospitals.
Finally, in respect of the issue presented by petitioner, that respondent’s determination was an abuse of discretion, I must conclude that that issue may not be considered here, since it is the subject of, and presently sub judice, in the pending article 78 proceeding at Special Term. All that is before me is the circumscribed stated issue referred for trial hereinabove discussed and decided.