In the Matter of Hilton Hotels Corporation, Petitioner, *v.* Martin C. Epstein et al., Constituting the New York State Liquor Authority, Respondents.

Fourth Department, November 30, 1961.

*Moot, Sprague, Marcy & Gulick (LeRoy H. Hurlbert* and *Jack L. Sanders,* of counsel), for petitioner.

*Richard R. Jenczka, Hyman Amsel* and *John J. O'Hare* for respondents.

*Per Curiam.* This is a proceeding instituted by the petitioner to review a determination of the New York State Liquor Authority (hereinafter called " Authority ") suspending the petitioner's hotel liquor license for a period of 10 days.

A notice of the charge, returnable December 1, 1960, was served upon the petitioner. Attached to the notice was the following statement:

" I M P O R T A N T

" The Liquor Authority has made provision for a pleading part where licensees will be given an opportunity to state whether they wish to contest the charges in the notice of hearing.

" The licensee must appear personally.

" It will *not* be necessary to bring any witnesses with you on the date specified in the attached notice. However, you may be represented by counsel.

" If you wish to have a hearing on the charges, *and the law gives you that right,* a date will be set for such hearing at the time of pleading."

The fair import of this statement was that on the first of December there would be held a " pleading part " where the licensee would be given an opportunity to state whether it wished to contest or admit the charge. If the licensee decided to contest, there would be no need to have witnesses present or to prepare for a hearing on that date because the hearing would then be set for a subsequent date. The whole general tenor was to the effect that if so adjourned the entire matter would be heard later, and not just part of it. The notice did not, in fact, technically constitute a " Notice of Hearing " under subdivision 10 of rule 1 of the Rules of State Liquor Authority. It was really a notice of opportunity to plead or to request an adjournment if the charge should not be admitted.

On the return date the petitioner appeared by its attorney and its general manager and asked for an adjournment before pleading to the charge. The attorney called attention to the fact that the bill of particulars which he had demanded was not served on him until 9 o'clock that morning, that the petitioner had not had an opportunity to make a full investigation of the matter, that petitioner was a large hotel with " some seven hundred employees " and that " to proceed or even require us to plead at this time would be an infringement of our constitutional rights." The Authority's attorney then stated that it was not possible to grant the request because " our principal witness will be out of our control." The Commissioner then directed that the hearing proceed but afforded petitioner's counsel an opportunity to present the defense at an adjourned date. This was excepted to, and a plea of " Not Guilty " was entered. Two witnesses were called by the Authority, and the petitioner then called one witness. The petitioner was given an opportunity to produce exhibits at a later date. There were no further hearings, and it is not clear from the record whether the petitioner's exhibits were marked on the return date or later.

The moral character and reputation of the two witnesses for the Authority left much to be desired. Careful preparation for the hearing by petitioner would have dictated a rather extensive investigation of their backgrounds and previous activities. Such preparation was, in effect, denied petitioner because of the failure of the Authority to grant an adjournment after an implied promise that one could be had. At least, the notice prepared by the Authority proved to be misleading. Furthermore, there was some confusion as to the dates of the alleged offense, which if more thoroughly investigated might have prompted further cross-examination or additional testimony.

The Authority is a fact-finding body and any party to a proceeding should be permitted to bring out, in a proper manner, any evidence that might affect the credibility of any witness and of course such testimony should not only be received but should be weighed and considered fully and carefully. Also, there is the right to produce material and proper testimony that might affect the result. (See *Matter of 245 Elmwood Ave.* v. *State Liq. Auth.*, decided herewith, 14 A D 2d 393.) These valuable rights were denied or at least impaired by the failure of the Hearing Commissioner to grant petitioner's motion for a complete adjournment.

The Authority is bound to protect and preserve basic fundamental rights (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461; *Matter of Weekes* v. *O'Connell*, 304 N. Y. 259; *Matter of O'Dea's Bar & Restaurant* v. *New York State Liq. Auth.*, 30 Misc 2d 616).

The determination of the Authority should be annulled and the proceedings remitted to the Authority for a new hearing.

All concur, except BASTOW, J., who dissents and votes to confirm the determination. Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Determination annulled on the law, without costs and matter remitted to the State Liquor Authority for further proceedings in accordance with the opinion.