In the Matter of Delmas A. Costello, Doing Business as Hotel Costello, Petitioner, v. New York State Liquor Authority, Respondent.

Fourth Department, January 10, 1963.

*Buscaglia & Buscaglia* (*Christie A. Buscaglia* of counsel), for appellant.

*Hyman Amsel* (*Richard R. Jensczka* of counsel), for respondent.

*Per Curiam.* This is a proceeding under article 78 of the Civil Practice Act to annul a determination of the New York State Liquor Authority which revoked petitioner's license and imposed other penalties.

The revocation proceeding was initiated by the service of a notice of hearing upon petitioner. The time and place of the hearing were stated, the charges recited, and the notice concluded with the statement that petitioner could be represented by counsel and produce evidence in his behalf. It added that failure to appear would cause a determination by default.

All of this was perfectly proper and regular on its face and in accordance with subdivision 1 of rule 1 and subdivision 10 of rule 2 of the Rules of the State Liquor Authority. However, attached to and served with the notice of hearing was an additional paper which was entitled "IMPORTANT". It notified the petitioner, in equally large type directly beneath the word "IMPORTANT", that he must appear in person or a default would be taken. It also stated that if he should enter a plea of "Not Guilty", he would have a right to a hearing and that a date therefor would be arranged. Although the requirement that he must appear personally was in accord with said subdivision 1 of rule 1, the format of the notice seemed to stress this unduly, probably for reasons which will become obvious. The statement then mentioned and, in effect, invited a plea of "No Contest", which was followed by this language: "By doing so you will receive a lesser penalty than if a trial were held and a finding of 'Guilty' made. However, once you plead 'Not Guilty' and a date is set for hearing, no further opportunity to obtain a lesser penalty will be given." Finally, at the end of the notice, in much smaller type than the portion which stated that petitioner must appear in person, it is stated that he might be represented by counsel but need not bring any witnesses with him.

The paper designated "IMPORTANT" and its contents violate every principle of judicial or quasi-judicial fair dealing and the preservation of individual rights. Its effect was to threaten that if the petitioner should assert his valued personal and private rights and privileges, and if the charges should be sustained, he would be penalized for such assertion. This is startling and alarming procedure, which cannot, and will not, be countenanced or accepted by this court. The protection of basic fundamental rights is, of course, highly important and necessary in an administrative proceeding of this nature as well as in a purely judicial proceeding. (*Matter of Sorrentino* v. *State Liq. Auth.*, 10 N Y 2d 143; *Matter of Hecht* v. *Monaghan*, 307 N. Y. 461; *Matter of Weekes* v. *O'Connell*, 304 N. Y. 259; *Matter of 245 Elmwood Ave.* v. *New York State Liq. Auth.*, 14 A D 2d 393, affd. 11 N Y 2d 980; *Matter of Hilton Hotels* v. *Epstein*, 14 A D 2d 399, affd. 11 N Y 2d 978.)

Incidentally, and we say this only in passing because we are primarily concerned with the procedural aspects of this matter, we note what occurred in the so-called "pleading part". After petitioner had appeared in person without counsel and had made a statement in answer to the charges, his license was revoked and the penal sum of his bond demanded. Thereafter his application for a renewal license was denied. These were

substantially the maximum personal penalties that could be imposed. All of this, after petitioner had been promised in writing that he would receive a lesser penalty after a " No Contest " plea than he would receive if a trial were held after a " Not Guilty " plea.

Finally the petition contains an allegation that, after the petitioner had " answered or explained all of the charges to the hearing commissioner ", the Commissioner told petitioner that he would receive fair treatment and " If it was up to me I would dismiss the whole thing, but it is up to the Board to make a decision like this." Petitioner contends that his plea of " No Contest " was based upon this statement. After the Hearing Commissioner reported to the Authority, the Authority " adopted the findings of the hearing officer " and the penalties above mentioned were imposed.

The statements which the petitioner claimed were made to him by the Hearing Commissioner were denied in the answer. However, these allegations are serious accusations which, upon a hearing, should be explored in addition to the consideration of the evidence presented under the charges. The exploration should be made by a disinterested Hearing Commissioner.

Curiously, although the Authority does not deny that the formal notice of hearing, accompanied by the additional paper marked " IMPORTANT ", was given to the petitioner, it is made to appear in the minutes of the hearing that just before the " No Contest " plea was entered the Hearing Commissioner said: " Should the licensee plead ' No Contest ', the Authority will take into consideration the fact that he has so pleaded and thus saved the State the necessity of calling witnesses to testify and the expense of a hearing. The penalty assessed by the Authority upon such plea of ' No Contest ' will probably result in the cancellation or revocation of the license and may also involve the forfeiture of the bond, as well as a two year penalty against the building in which the licensed premises are located. The plea of ' No Contest ' must be final and irrevocable and may not be withdrawn." The inconsistency between this statement and the " IMPORTANT " notice is not explained, but it seems to be an effort on the part of the Authority to make it appear that the procedure contemplated by the " IMPORTANT " notice was not, in fact, adhered to. This presents a most peculiar situation, which must be described as highly irregular, to say the least.

We make no effort to minimize the seriousness of the charges against the defendant, but if they are to be the basis of punitive action they should be determined in proceedings held with due

regard to proper procedures and the adequate protection of the personal rights of petitioner.

We find no rule of the Authority authorizing or approving the procedure here employed. In fact, we have been informed by the Authority's appellate counsel that there is no such rule or regulation. We can well understand why the members of the Authority would hesitate to enact a formal rule approving this type of practice. However, it is apparent that they have tacitly approved. Even if a rule had been adopted there would be grave doubts as to its validity but, in the absence of such a rule, not only is the practice of trying to coerce "No Contest" pleas highly improper but it is completely unauthorized. (Executive Law, § 102; Alcoholic Beverage Control Law, § 119; *People* v. *Cull,* 10 N Y 2d 123.) The practice definitely appears to be repugnant to the provisions and general spirit of the Alcoholic Beverage Control Law. (See *Matter of Gross* v. *New York City Alcoholic Beverage Control Bd.,* 7 N Y 2d 531; *Matter of Kaplan* v. *Rohan,* 8 A D 2d 270.)

The determination should be annulled, petitioner should be permitted to withdraw his "No Contest" plea, and the matter should be remitted to the Authority for a hearing.

WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to petitioner, and matter remitted to the State Liquor Authority for further proceedings in accordance with the opinion.