Soileppi, J.
Petitioner James Wallace was dismissed from his position as patrolman in the New York City Police Department after a hearing on two sets of charges. The hearing was held before a deputy police commissioner (hereinafter referred to as the “ trial commissioner ”) on February 26, April 13 and May 16, 1962.
Eight months after the hearing had been concluded, on January 17, 1963, the trial commissioner rendered his report to the respondent Police Commissioner in which he purported to summarize the evidence (over 165 pages of testimony) and make his findings and recommendations. One week later, on January 24, 1963, the respondent approved the findings and recommendations of his trial commissioner, finding petitioner guilty of all the charges and specifications except Specifications 1 and 2 in Case No. 34363 (which were similar to Specification 3 in that case) and he dismissed petitioner from the force.
Despite the delay of more than eight months from the time when the hearings were completed until the respondent made his decision, no stenographic transcript of the hearings had been prepared in the meantime and such transcript was not prepared until some months after petitioner had been dismissed from the department.
In his final order, the respondent stated that, in reaching his determination, he relied upon the ‘‘ findings and recommendations ” of the trial commissioner and “upon inquiry of and consultation with ” him. The order does not recite that he relied upon the actual hearing record.
The petitioner thereafter brought this article 78 proceeding to review the Police Commissioner’s determination. The Appellate Division, upon transfer of the case from the Supreme Court, unanimously confirmed the Police Commissioner’s determination, and we granted leave to appeal.
The petitioner styles the principal issue presented on this appeal as follows: “ ‘ Whether, statute or rule aside, the duty to have available a readable transcribed record is imposed generally — as a necessary element of the right of hearing guaranteed by statute — upon every administrative agency that renders a determination on the basis of evidence received at a hearing not attended by its members? ’ (This question was left open *437 by this Court in Matter of Weekes v. O’Connell, 304 N. Y. 259, 267.) ”
It seems to us, however, that the question presented is not so broad. Although the specific statute under which the petitioner was removed (Administrative Code of City of New York, § 434a-14.0) does not require that a stenographic record of the hearing be made available to the Police Commissioner before he makes his decision, there is a statute, controlling herein under our holding in Matter of Papasidero v. Fasano (19 N Y 2d 440), which does contain such requirement.
Section 1 of chapter 834 of the Laws of 1940 provides:
‘‘ Removal of policemen serving in the competitive class of civil service in the several cities, counties, towns and villages of the state.
‘‘ A policeman serving in the competitive class of civil service in any city, county, town or village of the state, any provision of law, rule or regulation to the contrary notwithstanding, shall not be removed from his position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such policeman to be represented by counsel at such hearing and to a judicial review in accordance with the provisions of article seventy-eight of the civil practice act. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Hearings upon charges pursuant to this act shall be held by the officer or body having the power to remove the person charged with incompetency or misconduct or by a deputy or other employee of such officer or body designated in writing for that purpose. In case a deputy or other employee is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body, and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision.” (Emphasis added.)
This statute uses the word “ record ” and not “ stenographic record ”, but we are of the opinion that the Legislature intended “ record ” to mean the stenographic transcript of the hearing as well as any exhibits that may have been introduced thereat (contra, Matter of Warmack v. Jacobs, 29 Misc 2d 957). Indeed, in Matter of Weekes v. O’Connell (304 N. Y. 259), Chief Judge *438 Fuld, writing for a unanimous court, used the word “ record ” to mean “ stenographic record” and, in pointing to statutes requiring that a “ record ” he kept, he cited statutes which use both terms (see Matter of Weekes v O’Connell, supra, pp. 266-267).
In Weekes, a revocation hearing was held before a “ hearing commissioner” of the State Liquor Authority. The rules of the Authority provided that “ The stenographic record of the hearing shall be referred, together with the hearing commissioner’s findings and recommendations, if any, for due consideration and appraisal by the Authority at a meeting duly held by it.” The hearing commissioner referred his report to the Authority but, when the Authority made its determination, “ no record of the proceedings before the deputy commissioner nor any of the testimony heard by him was then available to the Authority. In point of fact * * * the minutes were not transcribed by the stenographer until several days thereafter ” (Matter of Weekes v. O’Connell, supra, p. 264). Chief Judge Fuld pointed out (p. 266) that “ The mere availability of such a record tends to guarantee independent and informed appraisal of the proofs and of the contention of the parties; the summary of the hearing officer, the litigants’ briefs, if any, and other secondary, fallible guides may be checked against the primary, unchangeable reference.” We held that the failure of the Authority to comply with its own procedural safeguard required that the determination be annulled and that the proceeding be remitted to the Authority.
Since we are of the opinion that section 1 of chapter 834 of the Laws of 1940 is applicable to the case at bar, the Weekes case is clearly dispositive of the principal issue presented. In relying on that case, however, we are not saying how an administrative officer must consider the entire record that is made available to him, for as we also said in Weekes: “ [W]e do not inquire into the degree of reliance placed by members of [the administrative agency] upon * * * internal assistance; the extent to which independent study of the evidence in the record is necessary to the required exercise of informed judgment must be left to the wisdom and practical good sense of the commissioners themselves ” (Matter of Weekes v. O’Connell, supra, p. 265). And in Matter of Taub v. Pirnie (3 N Y 2d 188, 194) *439 we held that ‘‘ It is enough if the administrators seek to make and have the means to make an informed decision, one that is based on knowledge sufficient for ‘ wise and proper judgment.’ (Cf. Matter of Joyce v. Bruckman, 257 App. Div. 795, 798.) ”
We find the petitioner’s other contentions to be without merit. Although he was not charged with knowledge that McPherson was accepting money for allowing cars to jump the line at the ferry, such knowledge was proved at the hearing and served as the basis for the finding of guilt on Specification 3. The essential point is that petitioner was not deprived of a fair hearing (Matter of Murray v. Murphy, 25 A D 2d 409; cf. Matter of Heaney v. McGoldrick, 286 N. Y. 38 [1941]). Prior to the hearing, petitioner was confronted with the minifon recording of his conversation with Lieutenant Wugman, which clearly evidenced petitioner’s knowledge of McPherson’s activities. Indeed, petitioner did not object to the charges at the hearing, and he met the factual issues presented by his own testimony and that of the toll collector. Moreover, at the close of the hearing, petitioner’s counsel moved to dismiss Specification 3 on the grounds of entrapment and, also, that there was no proof of collusion between petitioner and McPherson. We think that it is obvious from a reading of the record that petitioner knew that the gravamen of the charge was his knowledge of the solicitation and acceptance by McPherson of money above the regular fare.
In conclusion, we hold that, where there is provision made by law for the making of a stenographic record of a hearing, as in the case at bar, the same should be available to the determining officer before he makes his determination.
Since the transcript of the hearing is now available, the order appealed from should be modified to the extent of remitting the proceeding to the Police Commissioner for consideration and appraisal of the entire record; and, as so modified, the order is affirmed.
Chief Judge Fuld and Judges Burke, Bergan, Keating and Jasen concur; Judge Breitel taking no part.
Order modified, with costs in this court and in the Appellate Division, by remitting the matter to the Police Commissioner for further proceedings in accordance with the opinion herein, and, as so modified, affirmed.