**Edward OSTROWSKI, President of Uniformed Sanitationmen's Association, Local 831, International Brotherhood of Teamsters, et al., Plaintiffs-Appellants,**

v.

**The CITY OF NEW YORK et al., Defendants-Appellees.**

**No. 923, Docket 79–7076.**

United States Court of Appeals, Second Circuit.

Argued April 25, 1979.

Decided June 4, 1979.

---

Morris Weissberg, New York City (Robert J. Krengel, New York City, of counsel), for plaintiffs-appellants.

Francis F. Caputo, New York City (Allen G. Schwartz, Corp. Counsel of the City of New York, Richard B. Cohen, Ilene J. Brown, New York City, of counsel), for defendants-appellees.

Before FEINBERG and MANSFIELD, Circuit Judges, and HAIGHT, District Judge.*

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, Jr., J., denying plaintiffs' motions for preliminary injunctive relief and class certification and granting defendants' motion to dismiss the complaint for failure to state a claim on which relief can be granted. Plaintiffs are tenured employees of the City of New York Department of Sanitation, who were disciplined by the Department between March 1978 and August 31, 1978, and the President of their union, Uniformed Sanitationmen's Association, Local 831, International Brotherhood of Teamsters. Plaintiffs sue on behalf of themselves and other sanitation workers similarly situated, claiming that the procedures followed in imposing the disciplinary penalties deprived them of due process. The cause of action is based on 42 U.S.C. § 1983

and section one of the Fourteenth Amendment and jurisdiction is founded upon 28 U.S.C. § 1343(3) and (4). Plaintiffs seek damages, injunctive relief and attorneys' fees. Defendants-appellees are the City of New York and the Commissioner of the City's Department of Sanitation.

Under section 75 of the New York State Civil Service Law, tenured employees such as plaintiffs have a protected property interest in their continued employment and cannot be removed or subjected to any disciplinary penalty "except for incompetency or misconduct shown after a hearing upon stated charges." The employees are entitled to written notice of the charges against them and of the date and time of the evidentiary hearing, to be represented by counsel and to call witnesses on their behalf. It is not disputed that defendants afforded these rights to plaintiffs.

It is the practice of the Commissioner of the Department of Sanitation to delegate the authority to conduct the evidentiary hearing required by section 75 to a Deputy or Assistant Deputy who acts as a hearing officer. The hearing officer makes a report to the Commissioner summarizing the evidence and recommending findings and, if applicable, a penalty. There is a stenographic record made of the hearing but the reporter does not type up a transcript unless the Commissioner requests it. New York Civil Service Law section 76 provides that an employee may appeal the determination of the Commissioner either to the New York City Civil Service Commission or to the New York Supreme Court. In either type of appeal a transcript of the hearing is prepared and submitted to the reviewing body.

The procedure just described was followed in the imposition of disciplinary penalties (temporary suspensions of not more than thirty days) against the individual plaintiffs-appellants in this case. Appellants claim that the Commissioner's practice of relying on the factual summary prepared by a hearing officer violates due process.

---

* Hon. Charles S. Haight, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

The City argues that the procedures followed were appropriate, relying on the guidelines set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 478 (1976), for determining what process is due in varying circumstances.

Since the decisionmaker (the Commissioner) did not have a complete record of the hearing in these disciplinary proceedings and since the affected employees had no opportunity to see and comment on the hearing officer's summary of the record and his recommendation, we think appellants' due process challenge is a grave one. See, e.g., *Morgan v. United States,* 304 U.S. 1, 58 S.Ct. 999, 82 L.Ed. 1129 (1938); Morgan v. United States, 298 U.S. 468, 482, 1288, 80 L.Ed. 56 S.Ct. 906, (1936; *Kinsella v. Board of Education,* 378 F.Supp. 54, 59–60 (W.D. N.Y.1974) (three judge court), aff'd mem., 542 F.2d 1165 (1976). However, we find resolution of this difficult constitutional question premature at this point. At oral argument, appellants asserted that the Commissioner's practice of not reviewing the transcript also violated *state* law, and counsel for the City did not seriously dispute this argument. See *Matter of Weekes v. O'Connell,* 304 N.Y. 259, 107 N.E.2d 290 (1952); *Matter of Wallace v. Murphy,* 21 N.Y.2d 433, 288 N.Y.S.2d 613, modified, 22 N.Y.2d 879, 293 N.Y.S.2d 339, 239 N.E.2d 922 (1968). It was argued that under these state cases the procedure used here by the Commissioner was invalid. Plaintiffs made the same point in the district court in their papers on the motion for a preliminary injunction, although not in the complaint. While the state law issue was belatedly raised by appellants, we believe that the policy of avoiding resolution of difficult and important constitutional issues where another ground of decision is available, see, e. g., *New York City Transit Authority v. Beazer,* —— U.S. ——, ——, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979), justifies consideration of the state law issue even at this late date, especially when that law may well dispose of the case. Therefore, we remand to the district court to allow a formal amendment to the complaint so that plaintiffs may assert a state law cause of action.

After argument, the City submitted to us a letter indicating its intention to permit some prospective class members to apply in writing for reconsideration of the Commissioner's disciplinary determination on the basis of a full transcript. Appellants are unsatisfied with this partial compromise and the City's letter does leave open some matters which are better developed first in the district court. For example, if the Commission finds, after reconsideration, that any member of plaintiffs' class was improperly disciplined, will back pay be awarded and the records amended? Also, what will the procedure be in future disciplinary hearings? Since the change in the City's policy was apparently the result of plaintiffs' efforts in this suit, plaintiff may on that basis at some future point in the proceedings be entitled to attorneys' fees, see, e.g., *Gagne v. Maher,* 594 F.2d 336 (2d Cir. 1979), a matter we also leave for consideration in the first instance by the district court at an appropriate time.

Judgment vacated and case remanded for proceedings consistent with this opinion.