In the Matter of BIZARRE, INC., Petitioner, *v.* STATE LIQUOR AUTHORITY et al., Respondents.

First Department, April 18, 1968.

*Monroe I. Katcher, II,* for petitioner.

*Herbert Rosenstein* of counsel (*Hyman Amsel,* attorney), for respondents.

MᴄGɪᴠᴇʀɴ, J. Petitioner herein, Bizarre, Inc, is a small family owned corporation, all the stock of which ostensibly is in the ownership of one Renee Allmen, daughter-in-law and wife,

respectively, of Sadie Rickoff and Rick Allmen, the two corporate principals. The business of petitioner is the running of a coffee house in the Greenwich Village area, Manhattan.

Petitioner seeks a special on-premises liquor license. Having been refused such a license by the New York City Alcoholic Beverage Control Board in 1966, the instant application was brought on, listing for the first time the presence and interests of the two principals, the husband and mother-in-law of the sole stockholder. This application too was rejected because of the prior records of the said two principals; because the granting of such a license would " not be conducive to proper regulation and control ", and because in the " highly sensitive " area of the village, in the view of the Authority there are already a sufficiency of licenses.

Thereafter, pursuant to statute, petitioner requested a hearing by the State Liquor Authority. Such a hearing ensued before a Deputy Commissioner, and on March 30, 1967, a Deputy Commissioner of the Authority notified the petitioner the application had been disapproved. This was followed by a formal notice dated April 4, 1967 purporting to be signed by the Chairman of the Authority, to the same effect, setting forth a listing of previous summonses issued to the mother-in-law, Sadie Rickoff, for violations of the Administrative Code of the City of New York, and of others of a technical character. Against the son, Rick Allmen, the Authority listed an arrest for extortion in 1949, of which he was acquitted, other technical violations and a cumulative series of traffic fines. The enumeration of these infractions indicated to the Authority that these two principals were not law-observing persons. Finally, the rejection stated that the premises were in " an area which is sensitive " and neither public advantage nor convenience would be served by an approval.

Without depreciating in any way the reasons or the conclusions of the Authority, we have concluded that irregularities necessitate the determination under review be remitted to the Authority. Initially, petitioner's license concededly was never in fact passed upon by members or any one member of the Liquor Authority, although subdivision 3 of section 54 of the Alcoholic Beverage Control Law indicates such must be the practice. The power which may be delegated " to any member or employee " of the Authority, pursuant to subdivision 10 of section 17 of the Alcoholic Beverage Control Law, is the power to " hold hearings, subpœna witnesses, compel their attendance, administer oaths [and] to examine any person under oath ", but not to determine. (*Matter of Weekes* v. *O'Connell*, 304 N. Y. 259.)

Even if there were validity to such delegation of power to Deputy Commissioners, in respect of the refusal to license, there is a basic irregularity in the failure of the Authority to have filed with the Secretary of State of the State of New York notice to the effect that a Licensing Board has been established by the State Liquor Authority presuming to have final power respecting the refusal of licenses. (See N. Y. Const., art. IV, § 8.) Certainly, a rule or regulation of such spacious scope delineating a deputy's power vis-a-vis the public, is well within the ambit of this constitutional command. And failure to have filed renders ineffectual any efforts to clothe with validity the refusal of a license by the Licensing Board alone. (*People* v. *Cull*, 10 N Y 2d 123.)

Finally, the failure of the Commissioners to have made '' available '' a copy of the hearing minutes and exhibits to the Authority or a member thereof, comes within the sweeping exactions of the *Weekes* case (*supra*) and also the yet more current case of *Matter of Wallace* v. *Murphy* (21 N Y 2d 433).

For the foregoing reasons, the determination under review should be annulled, on the law, and the proceeding remitted to the Authority for further action not inconsistent with this opinion.

BOTEIN, P. J., STEVENS, CAPOZZOLI and RABIN, JJ., concur.

Determination of the respondent unanimously annulled, on the law, without costs or disbursements, and the proceeding remitted to the State Liquor Authority for further action not inconsistent with the opinion filed herein.