■ In the Matter of CLARK DISPOSAL SERVICE, INC., Appellant, v TOWN OF BETHLEHEM, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered April 28, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination denying petitioner use of the respondent-town's sanitary landfill. The petition alleges, *inter alia,* "upon information and belief, there is no valid statute, ordinance, rule or regulation passed by the Town formally establishing the sanitary landfill or regulating its use". On such an allegation, this court cannot determine whether it is alleged that there is no statute, ordinance, rule or regulation of any kind, or whether there is a statute, ordinance, rule or regulation, but it has no validity. The respondent, by affidavit, alleges that the sanitary landfill in question "was designated by the town board as a town dump for use of residents of the town". Such a statement would imply some "legislative activity" by the town board. Article 78 proceedings are inappropriate vehicles to test the existence or nonexistence of legislative acts or the validity or nonvalidity of statutes, ordinances, rules or regulations passed by a town. The appropriate remedy is an action for declaratory judgment (CPLR 3001; *Matter of Merced v Fisher,* 38 NY2d 557 *Matter of Kovarsky v Housing & Development Administration, City of N. Y.,* 31 NY2d 184). Although it is appropriate under certain circumstances for either Special Term or this court to convert an article 78 proceeding into a motion for a declaratory judgment, the record below is insufficient for that purpose *(Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400; CPLR 103). Judgment affirmed, without costs. Larkin, Herlihy and Reynolds, JJ., concur; Greenblott, J. P., and Main, J., dissent and vote to reverse in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). In our view, the decision at Special Term should be reversed and a trial directed, in

accordance with the provisions of CPLR 7804 (subd [e]). Petitioner's allegation that "there is no valid statute, ordinance, rule or regulation passed by the Town formally establishing the sanitary landfill or regulating its use" should not be so rigidly interpreted as to require dismissal of his petition. Petitioner states that there is no statute establishing a sanitary landfill or regulating its use in the town, which allegation the respondent does not dispute. Certainly, at the minimum, a fact question has thus been raised, wherefore a trial is required. We also disagree that article 78 is inappropriate in this situation. If petitioner succeeds at the trial in proving that no valid statute or ordinance is in existence and petitioner is found to be entitled to the issuance of a dumping permit, such action would not be "legislative". Relief in the nature of the former writ of mandamus would thus be proper to require "a body or officer to perform a duty charged by law". Finally, in any event, the record is sufficient to enable us to convert this proceeding into a motion for declaratory judgment. We, therefore, dissent.