Joseph Jiudice, J.
This is an article 78 proceeding, and a hearing was held before this court pursuant to the order of Justice John P. Donohoe.
The proceeding was instituted by owners of real property in the City of Poughkeepsie. They seek to set aside a decision of October 24, 1972, made by the respondent, city planning board, in which it granted a special permit to a developer to construct a 10-story, 522-unit apartment house contiguous to the petitioners’ property. From the testimony at the hearing, *605 the special permit was issued in the face of written disapproval by the Dutchess County Planning Department and was granted by a vote of a simple majority of the planning board, rather than the vote of a majority plus one.
During the course of the hearing, testimony was given by Kenneth Toole, a Deputy Commissioner of Planning for the County of Dutchess, and by Henry Heissenbuttel, the Commissioner of Planning for Dutchess County. From the testimony given, it appears the developer had applied for the special permit in question to city planning board which referred the matter to the county planning department pursuant to section 239-m of the General Municipal Law. The application was received by the county planning department on September 20, 1972. At its regular meeting on September 26, 1972, the respondent planning board delayed any action on the application until the county planning department’s report was received. Mr. Toole testified that he talked to one Berrian, who was, at that time, the Deputy Director of Planning for the City of Poughkeepsie. He informed Berrian the report was not ready and Berrian indicated that if the report was ready by the time the respondent planning board met on October 24, 1972, that it would be sufficient. It is undisputed that the report was delivered to the city planning board on October 24, 1972, the date of its regular meeting.
Mr. Toole further testified that he had dealt with Berrian and all staff members of the city planning department for many years prior thereto. He further testified that the practice, prior to 1972, was that the county planning department attempted to respect the 30-day period set forth in section 239-m of the General Municipal Law and to submit the reports on time. He stated that telephone calls would be made to the city planning department and extensions would be obtained for the submission of the report. It further appears that all extensions were done on an informal basis with no letters and without any records thereof.
Witness Heissenbuttel testified that he delegated authority to staff members and that Mr. Toole had authority to seek extensions from the City of Poughkeepsie Planning Department staff on the present application. He further testified the city planning department and the county planning department, through their staff members, had extended the 30-day period, as aforesaid, on prior occasions.
The report of the Dutchess County Planning Department *606 which was delivered to the respondent planning board disapproved the project.
In addition to the testimony given, this court had in evidence before it a certified copy of the minutes of the meeting of the city planning board held on October 24, 1972. The minutes indicate the planning board acknowledged the county planning department’s report. The minutes further indicate that the respondent planning board determined that the report received on October 24, 1972, was beyond the time limit agreed upon and as specified in section 239-m of the General Municipal Law.
The city planning department is established under the City of Poughkeepsie Charter and, in effect, serves under the City Manager. One of its functions is to act in an advisory capacity to the City of Poughkeepsie Planning Board. Acting in such advisory capacity, it may be that the city planning department acts as agent of the city planning board in the performance of certain ministerial acts.
The issue, therefore, is whether the city planning department, acting in such capacity, can agree with the Dutchess County Planning Department to extend the 30-day limitation called for in section 239-m of the General Municipal Law, and bind the City of Poughkeepsie Planning Board by such action.
Where the Legislature gives discretionary or quasi-judicial power to a board or agency, only the body granted the authority may exercise it. While an administrative board may, by direct authority or by implication, delegate the performance of ministerial acts to an agent, it may not delegate its quasi-judicial or discretionary functions to agents or subordinates (Matter of Bizarre, Inc. v State Liq. Auth., 29 AD2d 500; Weinberg v Town of Clarkstown, 78 Misc 2d 464).
Section 239-m of the General Municipal Law states, in unequivocal terms: "If such planning agency fails to report within such period of thirty days or such longer period as may have been agreed upon by it and the referring agency, the municipal body having jurisdiction to act may do so without such report.”
In this court’s opinion, the granting of an extension of time to the county planning department under the aforesaid provision, is a discretionary function as opposed to a mere ministerial act. The granting of an extension, or the failure to agree upon an extension, results in different procedures to be fol *607 lowed by a referring agency and, therefore, such action affects a substantial right of the agency, namely, its right to act either by a majority vote or by a majority vote plus one.
The referring agency in this case was the City of Poughkeepsie Planning Board and, any agreement to an extension of time, being a discretionary act, must have been made between that agency and the Dutchess County Planning Department. The City of Poughkeepsie Planning Board could not delegate this authority to the city planning department or any staff member regardless of any alleged agency relationship.
The actions of the employees of the city planning department and the county planning department in extending the 30-day limitation were not binding upon the city planning board. This fact, coupled with the planning board’s clear repudiation of the late filing of the report in question, as evidenced by the statements contained in the minutes of the meeting, as aforesaid, necessarily leads this court to conclude that the respondents’ simple majority vote was sufficient to override the report of the county planning department and was sufficient to grant the special permit in this case.
The petition is dismissed.