■ RICHARD M. KESSEL et al., Appellants, v ALFONSE D'AMATO et al., Constituting the Board of Supervisors of Nassau County, et al., Respondents. —In a proceeding pursuant to CPLR article 78, *inter alia,* to declare that the adoption on December 18, 1978 of the 1979 Nassau County budget was in violation of article 3 of the County Government Law of Nassau County [L 1936, ch 879, as amd] petitioners appeal from a judgment of the Supreme Court, Nassau County, entered January 15, 1979, after a hearing, which dismissed the petition. Judgment modified, on the law, by deleting therefrom the provision which dismissed the petition and substituting therefor provisions (1) converting the proceeding into an action for a declaratory judgment, with the petition deemed the complaint, (2) declaring that the 1979 Nassau County budget is valid and (3) otherwise dismissing the action. As so modified, judgment affirmed, without costs or disbursements. Although petitioners argue persuasively that, once the legislative public hearing on the adoption of the budget has been held, public interest militates against allowing any increase in the budgetary estimates of revenue without a further hearing, we find no statutory support for their position. Sections 304 and 305 of the Nassau County Government Law require a new public hearing only if the legislative body proposes to change the budget by increasing an existing item of *appropriation* or inserting a new one. An appropriation, as the word is used in the law of municipal corporations relating to the appropriation of moneys, is the setting apart of a designated sum for a particular purpose or purposes (15 McQuillin, Municipal Corporations, § 39.60). The word has also been defined as a designation of money raised by taxation to be withdrawn from the public treasury for a specifically designated purpose (see *Commonwealth v Perkins,* 342 Pa 529). The word appropriation does not include estimates of revenues and we cannot find support for petitioners' theory that it does either in the language or the history of the Nassau County Government Law. Since the issue we must decide relates to the meaning of that law and not the desirability of changing it, we must uphold the validity of the budget. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur. [97 Misc 2d 675.]