OPINION OF THE COURT
Jones, J.
Both the recommendations of the regional planning board with respect to a proposed change of zoning and the statement of the reasons therefor prescribed by section 239-m of the General Municipal Law must be transmitted to the referring municipal agency in written form.
In this article 78 proceeding brought to annul a ruling of the individual respondent as presiding officer of the Town Board of the Town of Walworth, Wayne County, that a resolution to rezone an area had failed of passage and for a declaration that on the contrary, the resolution had been adopted, the individual respondent and the town appeal by our permission from an order of the Appellate Division affirming a Supreme Court judgment which granted the relief requested.
*173 Petitioner, contract vendee of a 52-acre tract on Penfield Road in the Town of Walworth, on which he desired to operate an automobile salvage business, applied to the town board on March 5, 1981 for a change of zone of the subject premises from R-l (residential) to 1-1 (industrial). In accordance with section 239-m of the General Municipal Law, under which the town board was required to refer the rezoning proposal to the county planning agency, on March 9, 1981 petitioner’s application was forwarded to the Wayne County Planning Board. The statute provides that: “Within thirty days after receipt of a full statement of such referred matter, the county, metropolitan or regional planning agency to which referral is made, or an authorized agent of said agency, shall report its recommendations thereon to the referring municipal agency, accompanied by a full statement of the reasons for such recommendations. If such planning agency fails to report within such period of thirty days or such longer period as may have been agreed upon by it and the referring agency, the municipal body having jurisdiction to act may do so without such report. If such planning agency disapproves the proposal, or recommends modification thereof, the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all the members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action.”
Acting within the prescribed 30-day period, on March 26, 1981 the county planning board, by its senior planner, L. Paul Wilson, sent a letter to the town which stated only:
“The Planning Board has reviewed Mr. Voelckers’ application to install an automobile junk yard on Penfield Road. The Board recommends the rejection of this proposal.'
“If the Town chooses to rezone this parcel, however, it should be noted that site plan review is still reserved for the Town Planning Board and final review is reserved for the Town Board by 30.51 (M)(l) of the Town of Walworth Municipal Code.”
On April 16,1981 the town board considered petitioner’s application. Following a public hearing and after a resolu *174 tion that the application be rejected had been defeated by a vote of three opposed to the resolution with two in favor of its adoption (the full board consisting of five members), a second resolution, that the application be approved, received a consistent vote of three in favor and two opposed. The individual respondent as town supervisor presiding at the meeting declared the second resolution defeated, ruling that under section 30.91 of the town’s zoning law a vote of a majority of the board plus one was required for passage. The section of the local law referred to was substantially a restatement of the portion of section 239-m of the General Municipal Law set out above.[1] The present proceeding was instituted to annul this ruling of the supervisor. The petition sought a judgment setting the ruling aside and a declaration that the resolution in favor of rezoning had been adopted, together with such other further and different relief as might be just and proper. Petitioner argues that the letter written by the county planning board on March 26, 1981 was not a disapproval activating the prescription contained in section 239-m of the General Municipal Law and in subdivision F of section 30.91 of the local law that no action contrary to the recommendation of the county planning board could be taken except by a vote of a majority of the town board plus one (here, four votes), because the recommendation contained in the letter was not “accompanied by a full statement of the reasons”, as required by the cited statutory provisions. In response, the supervisor and the town rely on a showing that on March 30, four days subsequent to the letter and prior to the *175 public hearing and meeting of the town board, its writer, Wilson, orally disclosed the reasons for the planning agency’s disapproving action in a telephone conversation with respondent town supervisor.
Supreme Court rejected that reliance, concluding that strict compliance with the statutory requirement of a statement of reasons accompanying a recommendation of disapproval by the planning board was necessary. It held that, without such an accompanying statement, there had been no effective disapproval and consequently no action on the rezoning proposal by the planning agency. As a result of the planning board’s failure to have acted on the proposal within the prescribed 30-day period, the town board was authorized to approve the zoning change by a simple majority vote of that body (here, three votes) (Town Law, § 63), rather than the majority plus one that would have been necessary had there been an effective disapproval by the planning agency. The judgment entered at Special Term declared that the April 16,1981 resolution of the town board favoring rezoning of the subject parcel was deemed passed and directed that the supervisor and town board proceed to rezone the premises based on the majority vote. The Appellate Division unanimously affirmed the action of the lower court, without opinion; we now affirm the appellate court’s order. Our reasoning differs from that of Supreme Court.
The language employed in section 239-m of the General Municipal Law leaves no room for doubt that the statement of reasons for any recommendation by a county planning board must be made contemporaneously with the report of the agency’s recommendation. Thus, the statute provides that the report to the referring municipal agency shall be “accompanied by a full statement of the reasons for such recommendations”.
The statute is not so clear, however, as to whether the report and the accompanying statement of reasons must be in writing. In this instance the summary report of the planning board’s recommendation of disapproval was written; the statement of reasons was not. In our view of the *176 statute, section 239-m contemplates that both the report and the accompanying statement of the planning agency shall be transmitted to the referring municipal agency in written form. The function of the statement of reasons, perhaps even to a greater extent than the ultimate recommendation, is to assure both that the members of the referring body may be informed and aided in their determination of appropriate action to be taken with respect to the zoning proposal and that the residents of the municipality, too, may have the benefit of the deliberations and conclusion of the regional planning agency in their formulation and expression of community sentiment and comment. Both of these objectives are best served if the views of the planning body are communicated in written form, thereby avoiding the pitfalls of oral relation in the customary informality of the conduct of local affairs.
In the Town of Walworth, when subdivision F of section 30.91 of the town Municipal Code was adopted, it appears to have been expected that the report of the county planning board and the accompanying full statement of reasons would be in written form. That subdivision of the local code contains the explicit provision that the town supervisor “shall read” the report of the planning agency at the public hearing on the matter under review (supra, n 1).
In addition to asserting on the merits that the oral disclosure of the planning board’s reasons separate from the transmission of its written report constituted an effective disapproval of the zoning proposal, respondents also contend that the courts below exceeded their authority in reviewing legislative action by the town board — i.e., its action on the proposed amendment to the zoning code. No quarrel lies with their assertion, for which unexceptionable authorities are cited, that zoning is a legislative act not generally reviewable in a proceeding under article 78 (e.g., Church v Town of Islip, 8 NY2d 254). As respondents themselves identify it, however, what this proceeding brought up for review and what the courts below have examined is the ruling of the supervisor as to the effect of the vote cast by the town board on the rezoning proposal — a procedural determination, but not the substance or con *177 tent of the action taken by the town board, which was the legislative component of the events occurring at the April 16, 1981 town board meeting. The courts below have neither considered nor passed judgment on the wisdom or merit of the proposed zoning code amendment or otherwise usurped the legislative function of the board; their consideration extended only to the procedure by which the board acted, as to which they determined that under the applicable statutes a simple majority vote was effective to accomplish the legislative change of the zoning code. That a determination of such a nature — addressing a question of procedure only, eschewing any intrusion into the substance of the matter being voted on — is within the scope of judicial authority was established by this court in Matter of Town of Smithtown v Howell (31 NY2d 365), a case very much like this one in which the court determined the numerical sufficiency of a ballot on a zoning proposal (there of the planning agency).
Finally, we reject respondents’ challenge to the relief granted by the courts below — a direction that the town supervisor and town board proceed to rezone the subject premises in accordance with the board’s action on April 16, 1981. On the record before us there is no merit to their claim that such judicial direction constitutes an encroachment on the legislative function of the town board. Courts are not without authority to direct the performance of duties imposed by statute for implementation of legislative action which they have found to have been properly taken.[2] So far as appears, what remains to be done for compliance with the judgment of Supreme Court affirmed by the Appellate Division is ministerial conduct only. Respondents identify no action of a legislative or judgmental *178 nature which might be said to be dictated by the mandate of the courts below.
For the reasons stated the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Wachtler, Fuchsberg and Meyer concur; Judge Simons taking no part.
Order affirmed, with costs.

. Subdivision F of section 30.91 of the Town of Walworth Municipal Code provided in pertinent part:
“Within thirty (30) days after receipt of a full statement of such referred matter, the County Planning Board, or an authorized agent of said Board, shall report its recommendations thereon to the Town Board, accompanied by a full statement of the reasons for such recommendations. If the County Planning Board disapproves the proposal, or recommends modification thereof, the Town Board shall not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all the members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action. The Town Supervisor shall read the report of the County Planning Board at the public hearing on the matter under review.
“If the County Planning Board fails to report within such period of thirty (30) days or such longer period as may have been agreed upon by it and the referring agency, the Town Board may act without such report.”

. We do not address the claim made in respondents’ brief that the matter should have been referred back to the town board when it was judicially determined that the majority-plus-one requirement of section 239-m of the General Municipal Law had not been activated “since the Board members may have voted according to an understanding of § 239-m which the Courts below have not adopted” — suggesting that the board members whose affirmative votes carried the proposal to amend the zoning ordinance might not have so voted had they known that that would be the result. Aside from the lack of standing of appellants to raise this issue, there is no support in the record for any such assertion.