■ In the Matter of Charles M. Swanick et al., as Erie County Legislators, Appellants, v Erie County Legislature et al., Respondents, and Georgeann Redman et al., Intervenors-Respondents. — Judgment, insofar as appealed from, reversed, with costs, proceeding converted to an action for declaratory judgment, and judgment granted in favor of plaintiffs, in accordance with memorandum. All concur, Dillon, P. J., not participating. Memorandum: Petitioners, two members of the Erie County Legislature, commenced this CPLR article 78 proceeding seeking to set aside the revised 1984 Erie County budget approved by respondent Erie County Legislature at a special meeting held on

December 12, 1983. They contend that the Legislature acted beyond the lawful deadline for its budgetary responsibilities set forth in the Erie County Charter and seek to have the tentative budget, as amended on December 6, 1983, declared the legally adopted 1984 Erie County budget. A CPLR article 78 proceeding is not the proper vehicle to review the validity of legislative action (see, e.g., *Press v County of Monroe,* 50 NY2d 695, 702; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407). Petitioners' appropriate remedy is an action for declaratory judgment (*Matter of Clark Disposal Serv. v Town of Bethlehem,* 51 AD2d 1080). However, this court may remedy such procedural infirmity by converting the article 78 proceeding to a declaratory judgment action, with the petition deemed the complaint, and consider the merits of the appeal (CPLR 103, subd [c]; *Press v County of Monroe, supra,* p 702; *Kessel v D'Amato,* 72 AD2d 790). Since the record is sufficient for that purpose, we convert the proceeding into an action for a declaratory judgment. ¶ Special Term erroneously held that "[t]he period between the 'annual meeting' of the Legislature and 'the Monday preceding the second Tuesday in December' as further described in Article XVIII of the Erie County Charter is a time for 'reconsideration' and 'reconciliation' between the legislative and executive branches of county government." There is no language in the Erie County Charter which provides a basis for such conclusion. The charter imposes guidelines upon the Executive and the Legislature which must be maintained to prevent either branch of government from usurping the powers of the other. The check and balance system incorporated in the charter is basic to our traditional governmental policy (*Matter of Gallagher v Regan,* 42 NY2d 230, 233-234). ¶ The budget procedures in the Erie County Charter set forth specific time limitations within which both the County Executive and the County Legislature are required to act. Failure of either branch of government to act within these time constraints results in automatic validation of the proposed budget. The Erie County Executive submitted to the County Legislature, in a timely manner, a tentative budget pursuant to section 1802 of the Erie County Charter (Local Laws, 1959, No. 1 of County of Erie, as amd). The Legislature made additions or increases and some deletions to the tentative budget and timely submitted the revised budget to the Erie County Executive for his consideration of such additions or increases (Erie County Charter, § 1803, subd B). The County Executive was required by law (Erie County Charter, § 1803, subd D) to return the tentative budget with written objections to the added or increased items to the clerk of the Legislature on or before the Monday preceding the second Tuesday in December (Dec. 12, 1983). Rather than submitting written objections to the tentative budget as amended by the Legislature, the County Executive delayed responding until the close of a special meeting called by the County Legislature on December 12 to reconsider the tentative budget it had previously approved and sent to the Executive. At that meeting 12 of the 17 legislators voted to reconsider their prior resolution for an increase in the amount of the appropriations and to reinsert deletions (job positions of the four intervenors-respondents) previously made in the proposed budget. By letter dated December 12, 1983 the County Executive stated that "Pursuant to section 1803 of the Erie County Charter, I am pleased to transmit herewith the 1984 Erie County Budget as adopted by your Honorable Body. This Budget, which includes amendments duly adopted by your Honorable Body on December 6th and December 12th, 1983 is the product of hard work and dedication by all parties to this document * * * Reason and compromise has produced this document which I forward to you with my approval". ¶ There is no provision in the charter which permits reconsideration by the Legislature beyond the Wednesday following the first Tuesday in December (Erie County Charter,

§ 1803, subd B). While the Legislature may reconsider and rescind a proposition that it has adopted (see *Matter of Eiss v Summers,* 205 App Div 691, 695-696, app dsmd 236 NY 638), where, as here, a charter has provided dates by which such reconsideration must terminate, the charter is controlling. The Legislature was without power to act at the December 12 special meeting to reconsider the tentative budget submitted to the County Executive. Since the County Executive failed to return a budget with his objections on or before the Monday preceding the second Tuesday in December (Dec. 12, 1983), the tentative budget as passed by the Legislature "shall be deemed adopted" (Erie County Charter, § 1803, subd D; *Matter of Gallagher v Regan,* 55 AD2d 284, 286, revd on other grounds 42 NY2d 230, *supra).* Any plan designed to circumvent the mandates of the charter, which is not in compliance therewith, is a nullity, being contrary to law and to the orderly budgetary process skillfully framed by the drafters of the county charter. Pursuant to the provisions of the charter, the tentative budget as originally amended on December 6 is the proper 1984 budget for the County of Erie. In view of this decision, it is not necessary to address the collateral issues raised herein. (Appeal from judgment of Supreme Court, Erie County, Joslin, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.