OPINION OF THE COURT
Lewis R. Friedman, J.
Petitioner applied to the New York State Liquor Authority (Authority) for a warehouse permit for the storage of alcoholic beverages. The application was denied. This CPLR article 78 proceeding presents serious questions about the Authority’s practice of delegating to subordinate tribunals responsibility for final decisions to grant or deny applications for licenses or permits.
Petitioner, which is licensed as a wholesale beer distributor at locations in Bronx and Westchester Counties, applied in *3 1988, for a wholesale beer license for 1301 Inwood Avenue in The Bronx. That application is still pending. By a 2-2 tie vote, the Authority failed to determine that application; there has been a vacancy since December 1, 1988 when one of the commissioners died. This court, by order entered January 30, 1989 (Katz, J.), denied article 78 relief in the nature of mandamus to compel a decision; the court held that the determination of whether to issue a license is not a ministerial act. The license application awaits the appointment of a fifth commissioner.
On February 22, 1989, petitioner filed an application for a warehouse permit. The application was referred to the licensing board, a subordinate body, which apparently exercises, in the Authority’s name, discretion to grant or deny such a permit. That body denied the application, without a hearing, on March 10, 1989. The denial, signed by Deputy Commissioner O’Connor, stated only that "an application for a wholesale license is pending for this location at the Full Board.” Petitioner contends that the determination should be annulled as arbitrary and capricious.
As a threshold question, the court is obligated to consider whether this matter is ripe for review; that is, is there sufficient administrative finality to permit article 78 review. The answer filed by the Authority asserts that the licensing board "may, subject to the Authority’s supervision and control, issue or refuse any license or permit.” The Authority does not contest the finality of the licensing board’s decision. However, the affidavit of the deputy commissioner suggests that, on request of petitioner, he would have referred the decision to the Authority itself; he "intended to forward any request by petitioner for review thereof to the Members of the Authority for their consideration.”
The Court of Appeals has held that the delegation by the Authority of final authority for action on licenses was invalid (Matter of Weekes v O’Connell, 304 NY 259, 265; cf., Matter of O’Dea’s Bar & Rest, v New York State Liq. Auth., 30 Misc 2d 616, 617-618). The Appellate Division, First Department, thereafter held that the Alcoholic Beverage Control Law did not permit delegation of final authority for licensing actions to a licensing board and that, in any event, the regulations delegating the authority had not been filed with the Secretary of State as required by article IV, § 8 of the NY Constitution (Matter of Bizarre, Inc. v State Liq. Auth., 29 AD2d 500, 502, appeal dismissed 22 NY2d 721). In 1968, apparently in re *4 sponse to Matter of Bizarre, Inc., the Legislature amended the Alcoholic Beverage Control Law. The limitation in subdivision (10) of section 17, which had previously restricted delegations to the conduct of hearings, was deleted; subdivision (13) was added (L 1968 ch 948). Subdivision (13) specifies that "[t]he powers provided in this section may be delegated by the authority to any member, chief executive officer, assistant chief executive officers, deputy commissioners, secretary to the authority and attorneys attached to the legal staff.” The powers enumerated in section 17 include the power "[t]o issue or refuse to issue any license or permit provided for in this chapter” (Alcoholic Beverage Control Law § 17 [1]). Thus, the 1968 amendment removed one of the underpinnings of Matter of Weekes and Matter of Bizarre, Inc. and permitted delegation of authority.
In Matter of Bizarre, Inc. v State Liq. Auth. (supra), the court noted that the issuance of retail off-premises beer licenses specifically required that a hearing "be held by the liquor authority or by one of its members” (Alcoholic Beverage Control Law § 54 [3]). However, Alcoholic Beverage Control Law §96, which governs the issuance of warehouse permits, does not specifically require proceedings before a member of the Authority. There is no reason in the Alcoholic Beverage Control Law which would prevent the Authority from delegating to the class of persons listed in Alcoholic Beverage Control Law § 17 (13) authority to issue or deny warehouse permits "for the storage of alcoholic beverages in other than licensed premises.” (Alcoholic Beverage Control Law § 96 [1].)
More than 20 years ago the Authority was told that delegations to a licensing board must be submitted to the Secretary of State and published (Matter of Bizarre, Inc. v State Liq. Auth., supra). The court has reviewed the published rules of the Authority (9 NYCRR 25.1-101.1). There are still no published regulations describing delegation or authority to the licensing board.
Article IV, § 8 of the NY Constitution provides in pertinent part "No rule or regulation made by any state * * * authority * * * except such as relates to the organization or internal management of a state * * * authority * * * shall be effective until it is filed in the office of the department of state.” The Legislature implemented the constitutional provision in Executive Law § 102 (1) which sets forth the manner of filing the rules and regulations. "The Constitution, in the clearest of language, requires that every rule and regulation made by *5 * * * [an] authority * * * be filed in the office of the Department of State if it is to be effective. We know that underlying the provision was the desire to have all rules and regulations affecting the public filed in one, easily available, central place. We should not strive to read exceptions into the section” (People v Cull, 10 NY2d 123, 129). The language of People v Cull points out with "crystal clarity” (Whiting v Marine Midland Bank — Western, 80 Misc 2d 871, 878-879) that the Constitution cannot easily be avoided by any State agency or authority. Unfortunately, the Court of Appeals has been called on continually to remind State agencies that the constitutional provision remains viable (see, e.g., Matter of Davidson v Smith, 69 NY2d 677; People ex rel. Roides v Smith, 67 NY2d 899; Matter of Jones v Smith, 64 NY2d 1003, 1005-1006; Matter of New York State Coalition of Pub. Employers v New York State Dept. of Labor, 60 NY2d 789, 791).
The court in Matter of Bizarre, Inc. v State Liq. Auth. (supra) told the Authority that the Constitution specifically applied to a regulation similar to the one at issue here. "Certainly, a rule or regulation of such spacious scope delineating a deputy’s power vis-a-vis the public, is well within the ambit of th[e] constitutional command” (29 AD2d, supra, at 502). Yet, no filing has occurred. This court requested from the Authority a copy of the documents supporting the delegation. Counsel provided a copy of a resolution the Authority adopted on December 21, 1988. The court was orally advised by the Authority’s counsel that similar resolutions were adopted every year. The resolution provides for the delegation "subject to the supervision and control of the Authority to each of the following persons the power to issue or refuse any license or permit provided for in the Alcoholic Beverage Control Law, while acting as a member of a licensing board consisting of at least two of the following persons”. The resolution names various persons, who appear to be executives, deputy commissioners, staff attorneys, "Local Board Staff Supervisors” and others, to serve on the licensing board. It also "shall be deemed a ratification and confirmation in writing of all powers specified herein which have heretofore been delegated to or exercised by the persons herein designated.”
Without doubt the delegation of plenary licensing authority to the licensing board is a "rule or regulation” which must be filed. The test is whether the "rule or regulation” "establishes a pattern or course of conduct for the future” *6 (People v Cull, 10 NY2d, supra, at 126; Matter of Jones v Smith, 64 NY2d, supra, at 1005-1006; People v Widelitz, 39 Misc 2d 51, 54). Clearly the creation of an inferior tribunal to which apparently all licensing discretion of the agency is granted establishes a course of conduct. The delegation is far more than one "such as relates to the organization or internal management” of the Authority, so that it excepted from the constitutional mandate (NY Const, art IV, § 8). While that portion of the delegation which designates the individuals who are to serve on the licensing board is an organizational or internal management matter, the creation of the licensing board itself does not fit into that category, as the courts held more than two decades ago (Matter of Bizarre, Inc. v State Liq. Auth., 29 AD2d, supra, at 502). The inclusion of internal management matters in a rule which must be filed does not make the rest of the rule exempt from publication.
The resolution at issue is also defective since it was not adopted in accordance with the State Administrative Procedure Act. The Authority, whose members are appointed by the Governor, is covered by the Act (State Administrative Procedure Act § 102 [1]). The delegation is obviously a "rule” covered by the Act. " 'Rule’ means (i) the whole or part of each agency statement, regulation or code of general applicability that implements or applies law * * * or the procedure or practice requirements of any agency, including the amendment, suspension or repeal thereof’ (State Administrative Procedure Act § 102 [2] [a]). The delegation is, on its face, a rule of "procedure or practice” of the Authority. It directly affects "that segment of the 'general public’ over which [the Authority] exercises direct authority” (Matter of Connell v Regan, 114 AD2d 273, 276; Matter of Krauskopf v Perales, 139 AD2d 147, 151). None of the exclusions in the State Administrative Procedure Act apply. The "rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public” are excluded (State Administrative Procedure Act § 102 [2] [b] [i]). The delegation resolution without doubt affects the "procedures and practices available to the public”. The Authority does not even allege that it followed the appropriate rule-making procedures required by State Administrative Procedure Act § 202. If proper rule making had occurred, the courts could review the merits of *7 the delegation* and determine issues such as whether wholesale, plenary delegation of the most important function of the State Liquor Authority, licensing, is valid.
The delegation is defective. It is, therefore, clear that the determination by the licensing board is not a valid final act of the Authority which may be reviewed by the court. The lack of finality requires the invalidation of the determination (Matter of Bizarre, Inc. v State Liq. Auth., supra).
In this proceeding, the Authority failed to plead that the determination of the licensing board is not the final administrative act of the Authority from which article 78 review may be sought. That failure would normally be a waiver of the issue (see, e.g., Matter of Punis v Perales, 112 AD2d 236, 238; Matter of Consolidated Edison Co. v Public Serv. Commn., 98 AD2d 377, 381; Matter of Mallard v Dalsheim, 97 AD2d 545, 547). The court, however, is not bound by pleading omissions. The acceptance of the Authority’s pleading would only perpetuate the Authority’s continuing unconstitutional acts.
The petition is granted; the determination of the Authority is annulled and the matter remitted for a proper final determination.

 The court has serious concerns about the merits of the delegation resolution; it appears to be defective in several substantive ways. For example, it is not clear that all the persons named to the licensing board are included in Alcoholic Beverage Control Law § 17 (13). It is also not self-evident that the statute allows delegations to a "board”; only individuals are specified in the statute. The number of members of a licensing board is not specified in the delegation; it merely provides for "at least two” members. Further, there is a serious question of how applicants can determine the Authority’s procedures. There are no rules which explain which matters, if any, are to be presented to the Authority and which to the licensing board. How, if at all, are licensing board decisions to be reviewed by the Authority? Does review turn on the subjective intent of the licensing board deputy commissioners, as is suggested in the papers submitted to this court? Simply put, the delegation resolution, even if it were properly adopted and filed, presents almost as many questions as it answers.