■ JOHN N. BAADER et al., Appellants, v TOWN BOARD OF THE TOWN OF AURELIUS et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs, and judgment granted in accordance with the following Memorandum: Defendants Raper are the owners of a parcel of property in the Town of Aurelius, Cayuga County. The parcel is roughly pie-shaped with road frontage on two sides. Plaintiffs Baader own property directly across from the Raper property on State Route 90. Plaintiffs Fletcher

own property directly across from the Raper property on Lake Road. On June 8, 1989, the Town Board of the Town of Aurelius orally informed a member of the Cayuga County Planning Board (CCPB) of its intent to rezone the Raper property from RB (higher density residential) to I (industrial). On June 27, 1989, CCPB received notice of a public hearing on the rezoning proposal to be held on July 13, 1989. That was the only written notice of the proposal ever given to CCPB. At its meeting on July 12, 1989, CCPB declined to recommend the proposed rezoning. On September 14, 1989, following plaintiffs' timely submission of a written protest of the proposed rezoning, the members of the Town Board, by a margin of 3 to 2, voted to rezone the Raper property.

Plaintiffs seek a declaration that the action of the Town Board was a nullity because it did not satisfy the requirements of former section 265 of the Town Law and General Municipal Law § 239-m. It is argued that, in the circumstances presented, a favorable vote of at least three-fourths of the members of the Town Board (Town Law former § 265), or a favorable vote of a majority plus one of all the members (General Municipal Law § 239-m) was required to amend the zoning ordinance. Supreme Court denied plaintiffs' cross motion for summary judgment. We reverse and grant the cross motion.

Town Law former § 265 provided that a proposed zoning change required the approval of at least three-fourths of the members of the Town Board when a protest against such change was "signed by the owners of twenty per centum or more * * * of the land * * * directly opposite thereto, extending one hundred feet, from the street frontage of such opposite land". The statute was amended effective July 18, 1990, without significant change (see, Town Law § 265 [1] [c]). Here, plaintiffs submitted the deeds to their properties and tax maps to demonstrate that they qualify as protesters under the statute. Defendants did not controvert plaintiffs' proof, but merely argued that the statute requires that plaintiffs own 20% or more of the total area of all land directly opposite to the subject parcel. Defendants misinterpret the statute. Its plain language requires consideration only of that area of land directly opposite the subject parcel extending 100 feet from the street frontage of that opposite land. On that view of the statute, it is clear that plaintiffs qualify as protesters. It follows that the proposed zoning change requires the favorable vote of at least three-fourths of the members of the Town Board. That requirement was not satisfied and judgment is

granted declaring that the Town Board of the Town of Aurelius has not effectively rezoned the subject property.

Although it is unnecessary to do so, we also find that CCPB acted timely in disapproving the proposed rezoning and that the Town Board was thus prohibited from acting "contrary to such disapproval * * * except by a vote of a majority plus one of all the members thereof" (General Municipal Law § 239-m [1]). (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Summary Judgment.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.