■ In the Matter of ESSEX COUNTY, Appellant, v EXECUTIVE DEPARTMENT OF THE STATE OF NEW YORK et al., Respondents. —Mikoll, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered September 28, 1990 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commission on the Adirondacks in the Twenty-First Century concerning the development of the Adirondack Park.

Petitioner commenced this proceeding to permanently enjoin implementation of proposed actions contained in a report

by respondent Commission on the Adirondacks in the Twenty-First Century (hereinafter the Commission) without first complying with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Petitioner also moved for a preliminary injunction.

Supreme Court held that the Commission's recommendations did not commit respondent Executive Department to a definite course of action and that the Commission's recommendations do not require any SEQRA review. It also held that the Commission is now disbanded and that no preliminary injunction would lie against it. Supreme Court dismissed the petition on a point of law without the interposition of an answer or benefit of a motion to dismiss being made by respondents.

This appeal presents the question of whether a dismissal on the merits was appropriate in view of the fact that respondents had not answered or moved to dismiss the petition as required by CPLR 7804 (f). Although the procedural irregularity would normally require a reversal (see, Lebovits v PSFB Assocs., 168 AD2d 785), we note that respondents raised the point of law in their letter and memorandum of law sent to petitioner and Supreme Court, and petitioner responded thereto without raising any procedural objection. Under the circumstances, we deem a reversal unwarranted.

The dismissal of the petition by Supreme Court should be affirmed. Accepting all the allegations in the petition as true, as occurs on a formal motion to dismiss (see, Matter of Koss, Inc. v Regan, 149 AD2d 785, 787), the petition is insufficient as a matter of law.

Petitioner contends that the Commission's report and proposed legislation constitutes "action" as defined by statute and regulations requiring SEQRA review. We note that the report was in the nature of a recommendation for proposed legislation. We have held that a report recommending certain action but not committing to such action is not subject to SEQRA review (see, Matter of Magee v Rocco, 158 AD2d 53, 59). The record discloses that the Executive Department has not committed itself to any specific course of action. We find no basis upon which petitioner could receive the relief sought.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.