■ In the Matter of TIMOTHY P. MAYERAT et al., Respondents, v TOWN BOARD OF THE TOWN OF ASHFORD, Appellant.— Judgment unanimously reversed on the law with costs and judgment granted in accordance with the following Memorandum: On July 10, 1991, the Town Board of the Town of Ashford (Town Board) enacted a resolution consenting, with certain conditions, to the enactment of a bill pending before the Legislature that would amend ECL article 29 to allow the State of New York, if it so chose, to locate a low-level radioactive waste facility at West Valley in the Town of Ashford. Supreme Court granted petitioners' CPLR article 78 petition, annulled the resolution and ordered the Town Board not to consent to any such legislation unless it first complies with the State Environmental Quality Review Act (SEQRA).

As an initial matter, this proceeding was improperly brought pursuant to CPLR article 78. The Town Board's resolution was a legislative act that should be challenged in a declaratory judgment action, not in an article 78 proceeding *(see, Matter of Nassau Shores Civic Assn. v Colby,* 118 AD2d 782, 783, *mot to dismiss appeal granted* 68 NY2d 808; *Matter of Swanick v Erie County Legislature,* 103 AD2d 1036, 1037, *appeal dismissed* 64 NY2d 1039; *see also,* CPLR 7801). Nevertheless, because we have a complete record before us, we convert this matter to a declaratory judgment action and address the merits of the appeal *(see,* CPLR 103 [c]; *Matter of Swanick v Erie County Legislature, supra,* at 1037).

Pursuant to SEQRA, an agency such as the Town Board must prepare an environmental impact statement (EIS) for any action that may have a significant effect on the environment (ECL 8-0109 [2]). For the purposes of this appeal, an action means any agency planning and policy making activity "that may affect the environment and commit[s] the agency to a definite course of future decisions" (6 NYCRR 617.2 [b] [2]; *see,* ECL 8-0105 [4] [ii]).

Supreme Court annulled the Town Board's resolution because it found that the resolution was an action as defined by SEQRA. We disagree. The resolution enacted by the Town Board was merely a consent by the Town to the enactment of proposed State legislation that would permit siting of a low-level radioactive waste management facility on State land in the Town of Ashford upon specified financial terms. No low-level radioactive waste facility may be located in West Valley unless and until the bill pending before the Legislature becomes law and the appropriate State agency determines that West Valley is an appropriate location. The proposed legislation specifically provides that the required environmental assessment will be undertaken. In these circumstances, the Town Board was not required to prepare an EIS or otherwise to comply with SEQRA before enacting the subject resolution *(see, Matter of Essex County v Executive Dept.,* 172 AD2d 970, 971, *lv denied* 78 NY2d 857; *Matter of Magee v Rocco,* 158 AD2d 53, 59; *accord, Cross Westchester Dev. Corp. v Town Bd.,* 141 AD2d 796, 796-797; *Matter of Connell v Town Bd.,* 113 AD2d 359, 362, *affd* 67 NY2d 896).

Judgment is granted in favor of the Town Board declaring that the resolution of July 10, 1991 is valid. (Appeal from Judgment of Supreme Court, Cattaraugus County, Horey, J.— Article 78.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ. *[See,* 152 Misc 2d 196.]