■ In the Matter of Committee to Preserve the Character of Skaneateles, Appellant, v Charles T. Major et al., Constituting the Town Board of the Town of Skaneateles, Respondents. Almor Associates, Intervenor-Respondent. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Matter of Aho, 39 NY2d 241, 248). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.

■ In the Matter of Committee to Preserve the Character of Skaneateles, Appellant, v Charles T. Major et al., Constituting the Town Board of the Town of Skaneateles, Respondents. Almor Associates, Intervenor-Respondent. (Appeal No. 2.)—Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Petitioner appeals from a judgment of Supreme Court that granted respondents' motion for summary judgment dismissing the CPLR article 78 petition. In that petition, petitioner sought to invalidate respondents' resolution rezoning a parcel of land owned by intervenor. Because that resolution was a legislative act, it may be challenged in a declaratory judgment action but not in an article 78 proceeding (see, Matter of Mayerat v Town Bd., 185 AD2d 699; Matter of Nassau Shores Civic Assn. v Colby, 118 AD2d 782, 783, mot to dismiss appeal granted 68 NY2d 808; Matter of Swanick v Erie County Legislature, 103 AD2d 1036, 1037, appeal dismissed 64 NY2d 1039; see also, CPLR 7801). We therefore reinstate the petition and convert this matter to a declaratory judgment action (see, CPLR 103 [c]; Matter of Mayerat v Town Bd., supra; Matter of Swanick v Erie County Legislature, supra, at 1037) and denominate the parties accordingly.

Plaintiff contends that the rezoning was invalid because it was adopted in violation of General Municipal Law § 239-m (1) by a 3-2 vote after it had been disapproved by the Onondaga County Planning Board (OCPB). That statute requires referral of the proposed rezoning to OCPB. Because General Municipal Law § 239-m possesses the characteristics of a zoning ordinance, it must be strictly construed (see, Matter of Friends of Woodstock v Town of Woodstock Planning Bd., 152 AD2d 876, 880). The statute requires a report by the planning agency to the municipal agency having jurisdiction within 30 days of the referral and provides that, if the planning agency disapproves the proposal or recommends modification, the municipal agency shall not act contrary to the planning agency's recommendation except by a vote of a majority plus one of its members. It is uncontroverted that OCPB reported disapproval of intervenor's proposal more than 30 days after the referral. Thus, the adoption of the resolution by a simple majority of defendants did not violate General Municipal Law § 239-m (1) (see, Matter of Town of Smithtown v Howell, 31 NY2d 365, 370; Baader v Town Bd., 171 AD2d 1046, 1048; Matter of Vanderveer v Vanrouwendaal, 89 Misc 2d 604). In addition, the record on appeal establishes that, before adopting the resolution, defendants gave sufficient consideration to reasonable alternatives to intervenor's proposal (see, 6 NYCRR 617.14 [f] [5]). Judgment is granted in favor of defendants declaring that their resolution of August 27, 1990 is valid. (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Article 78.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.