■ In the Matter of VALLEY REALTY DEVELOPMENT Co., INC., Appellant, v TOWN OF TULLY et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: This matter was improperly brought as a CPLR article 78 proceeding. Because respondents' enactment of the ordinance was a legislative act, it should have been challenged in a declaratory judgment action *(see, Matter of Mayerat v Town Bd.,* 185 AD2d 699; *Matter of Nassau Shores Civic Assn. v Colby,* 118 AD2d 782, 783, *mot to dismiss appeal granted* 68 NY2d 808). Nevertheless, because we have a complete record and all of the necessary parties are before us, we convert this matter to a declaratory judgment action and will consider the merits of the appeal *(see,* CPLR 103 [c]; *Matter of Mayerat v Town Bd., supra; Matter of Sacco v Maruca,* 175 AD2d 578, *lv denied* 78 NY2d 862).

Supreme Court properly rejected petitioner's contention that Local Laws, 1991, No. 1 of the Town of Tully was invalid because respondents failed to give a hard look at the zoning change before issuing a negative declaration pursuant to the State Environmental Quality Review Act (SEQRA; ECL 8-0101 *et seq.).* In reviewing an agency's issuance of a negative declaration, a court's inquiry is limited to whether the relevant areas of concern were identified, whether a hard look was given to those areas, and whether a reasoned elaboration was given for the negative declaration *(see, Matter of Jackson*

*v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *see also, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530). "In making such review, the agency's obligations under SEQRA 'must be viewed in light of a rule of reason' " *(Matter of Har Enters. v Town of Brookhaven, supra,* at 530; *see also, Matter of Jackson v New York State Urban Dev. Corp., supra,* at 417). The degree of detail required will vary with the circumstances and the nature of the zoning proposal *(Matter of Jackson v New York State Urban Dev. Corp., supra,* at 417).

Local Laws, 1991, No. 1 rezoned the M-mining district in the Town of Tully to R-1 residential. Petitioner contends that respondents failed to consider sufficiently the effect that the elimination of mining operations would have on the environment. There was, however, no competent evidence in the record that would suggest that the elimination of mining would harm, rather than benefit, the environment. In the totality of the relevant circumstances, we conclude that respondents gave the necessary hard look at the effects of the zoning change and otherwise complied with the requirements of SEQRA.

Supreme Court also properly rejected petitioner's contention that Local Laws, 1991, No. 1 is unconstitutional exclusionary zoning. Petitioner failed to meet its burden of showing that the elimination of the mining district bore no substantial relation to public health, safety and general welfare *(see, Matter of Alliance Paving Materials v Zoning Bd. of Appeals,* 175 AD2d 640; *see also, Berenson v Town of New Castle,* 38 NY2d 102).

Because they were not specifically raised at Supreme Court, we decline to exercise our discretion to reach petitioner's other contentions.

Supreme Court properly declared that Local Laws, 1991, No. 1 of the Town of Tully was validly and constitutionally enacted. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Article 78.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.