■ In the Matter of VICKI D. LLANA et al., Appellants, v TOWN OF PITTSTOWN et al., Respondents. [651 NYS2d 675] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 29, 1995 in Rensselaer County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, declare Local Laws, 1994, No. 3 of the Town of Pittstown null and void.

This case arises out of a change in the subdivision law in respondent Town of Pittstown, Rensselaer County. Local Laws, 1994, No. 3 (hereinafter Local Law No. 3) was enacted on October 10, 1994. The petition/complaint in this combined

CPLR article 78 proceeding and declaratory judgment action was filed on February 10, 1995. Petitioners seek a judgment declaring Local Law No. 3 null and void because (1) respondents did not comply with the "supermajority" requirement contained in part 1 of the Town Land Use and Development Code, (2) the notice of public hearing for Local Law No. 3 did not comply with Municipal Home Rule Law § 20 (5), (3) respondents failed to specify the State law that it was intended to supersede, in violation of Municipal Home Rule Law § 22, (4) Local Law No. 3 was not provided to the Town Supervisor for his approval or signature, in violation of Municipal Home Rule Law § 21, (5) respondents failed to classify the amendment as a Type I action for purposes of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and thus failed to require the preparation of an environmental impact statement, and (6) the enactment of Local Law No. 3 was ultra vires because certain sections purport to supersede the Town Law and other State statutes. Upon discovering that the Town did not have an elected Town Supervisor, the fourth cause of action was withdrawn.

Supreme Court treated this matter as a declaratory judgment action and, noting that petitioners had failed to join seven property owners granted subdivision approval before the filing of the petition/complaint, dismissed the petition/complaint in its entirety for failure to name necessary parties (see, CPLR 1003). Petitioners appeal.

Supreme Court found that petitioners had styled this matter as a declaratory judgment action and were bound by that tactical decision. The decision to treat a case as a declaratory judgment action instead of a CPLR article 78 proceeding, however, has enormous significance, most notably for purposes of determining the applicable Statute of Limitations. Because the CPLR contains no provision setting forth the Statute of Limitations applicable to declaratory judgment actions, the six-year catch-all Statute of Limitations applies (see, CPLR 213 [1]). It is the responsibility of the court in the first instance to determine the true nature of a case in order to discover whether the six-year Statute of Limitations for declaratory judgment actions or the much shorter four-month Statute of Limitations for CPLR article 78 proceedings applies (see, CPLR 217). In Solnick v Whalen (49 NY2d 224), the Court of Appeals held that in making this determination "it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought * * * If that examination reveals that the rights of the parties sought to be

stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory action" (*id.*, at 229-230 [citation omitted]; *see, New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201; *Press v County of Monroe*, 50 NY2d 695, 701).

In this case, we find that each of petitioners' claims could have been raised in the context of a CPLR article 78 proceeding. The rule is that a CPLR article 78 proceeding ordinarily does not lie to challenge a legislative act (*see, New York City Health & Hosps. Corp. v McBarnette, supra*, at 201; *Matter of Valley Realty Dev. Co. v Town of Tully*, 187 AD2d 963, *lv denied* 81 NY2d 880; *Matter of Mayerat v Town Bd. of Town of Ashford*, 185 AD2d 699, 700). Additionally, a CPLR article 78 proceeding does not lie to challenge the constitutionality of a statute (*see, Matter of Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 348). However, when the challenge is directed not at the substance of the local law but at the procedures followed in its enactment, a CPLR article 78 proceeding is appropriate (*see, Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202; *Matter of Voelckers v Guelli*, 58 NY2d 170, 177). Thus, the Court of Appeals has held that a municipality's failure to comply with SEQRA in enacting a local law is properly maintainable as a CPLR article 78 proceeding (*see, Matter of Save the Pine Bush v City of Albany, supra*), as is a claim that a municipality failed to comply with a supermajority requirement (*see, Matter of Voelckers v Guelli, supra*; *Matter of Town of Smithtown v Howell*, 31 NY2d 365). In short, we find that each of petitioners' causes of action concern matters "of procedure only, eschewing any intrusion into the substance of the matter voted on" (*Matter of Voelckers v Guelli, supra*, at 177), and were therefore properly brought in a CPLR article 78 proceeding, to which a four-month Statute of Limitations applies.

This action/proceeding was commenced within four months of the enactment of Local Law No. 3 and is thus timely. However, Supreme Court found, and we agree, that the homeowners who had been granted subdivision approval pursuant to Local Law No. 3 prior to the filing of the summons/notice of petition were necessary parties that should have been joined pursuant to CPLR 1001. CPLR 1001 (a) provides that a person should be made a party if he or she might be "inequitably affected" by a judgment in the action. A principal reason for compulsory joinder of parties is "to protect nonparties whose

rights should not be jeopardized if they have a material interest in the subject matter" (*Joanne S. v Carey*, 115 AD2d 4, 7). Petitioners seek, *inter alia*, to invalidate any subdivision approvals granted under Local Law No. 3 and permanently enjoin any land clearing, vegetation removal, digging, bulldozing or other activity upon land for which subdivision approval has been granted. We conclude that the homeowners who received subdivision approval pursuant to Local Law No. 3 and prior to the commencement of this proceeding are necessary parties that should have been joined, as they could be inequitably affected by a judgment entered herein if not permitted to participate in the litigation process (*see, e.g., Matter of Schulz v De Santis*, 218 AD2d 256, 259-260; *Joanne S. v Carey, supra*, at 7).

Because we have concluded that petitioners' claims were properly maintainable in a CPLR article 78 proceeding, petitioners are now time barred from adding these homeowners as parties, as the four-month Statute of Limitations has long since expired. As none of these homeowners have voluntarily appeared, joining them as parties under these circumstances is not favored by the courts (*see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935).

Implicit in Supreme Court's decision that this matter should be considered a declaratory judgment action, however, is the applicability of a six-year Statute of Limitations. If a six-year Statute of Limitations were indeed applicable to this case, petitioners would suffer no great prejudice because they could simply recommence their action and join the appropriate parties. But because of our conclusion that this hybrid matter is more in the nature of a CPLR article 78 proceeding, to which a four-month statute applies, petitioners no longer have that option. We are consequently faced with a question that was not addressed by Supreme Court—whether, because the four-month Statute of Limitations has run, petitioners should be permitted to proceed in the absence of necessary parties pursuant to CPLR 1001 (b). Supreme Court did not consider the factors enumerated in this section, and so we withhold decision on this appeal and remit this case to Supreme Court to undertake an analysis pursuant to CPLR 1001 (b) as to whether petitioners in this case should be permitted to proceed in the absence of necessary parties.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is withheld and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.